IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Vicki V. Williford, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:25-cv-08714-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| John Doe, Kevin Hinson, City of Greenville, Estes, Eddie Whicker, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Vicki V. Williford, a *pro se* litigant proceeding *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for pretrial handling. Now before the court is the magistrate judge's detailed and thorough Report and Recommendation ("Report"), (ECF No. 38), recommending the court dismiss this action without issuance and service of process and without further leave to amend.

The Report thoroughly summarizes the allegations and claims raised in multiple complaints, (ECF No. 38 at 1–6), and Plaintiff does not object to this general summary. Accordingly, the court need not recount the facts at length and adopts the magistrate judge's factual recitation herein. According to the third amended complaint[1], Plaintiff's claims arise from a traffic

---

[1] The magistrate judge noted, without objection from Plaintiff, that the third amended complaint is the operative pleading in this action. (ECF No. 38 at 2). Plaintiff's original complaint and amended complaint were not on standard forms and appeared to present different allegations against different defendants; accordingly, after being instructed to do so by the magistrate judge, Plaintiff filed a second amended complaint. (ECF No. 15). The magistrate judge reviewed the second amended complaint, advised Plaintiff that the action was subject to summary dismissal, but permitted Plaintiff an opportunity to cure the deficiencies identified by the court. (ECF No. 30). In response, Plaintiff filed the third amended complaint. (ECF No. 33). Although the third amended complaint is the operative pleading, the magistrate judge, out of an abundance of caution in light

stop occurring between 1997 and 1998 in Greenville, South Carolina. (ECF No. 33 at 6). Plaintiff alleges she told the police officer that she did not have a valid license but lied about having a record. Plaintiff alleges she was subsequently arrested and sent to prison without a proper court hearing. Based on these events, the South Carolina Department of Motor Vehicles (the "DMV") allegedly began to target and harass Plaintiff and engage in discriminatory practices regarding her driver's license records. The magistrate judge construed the third amended complaint as asserting claims under 42 U.S.C. § 1983 for violations of due process, equal protection, and false arrest and imprisonment.

As for the second amended complaint, the magistrate judge construed Plaintiff as having raised the following causes of action: (1) due process violations against a John Doe Officer with the Greenville Police Department; (2) violations of equal protection against the John Doe Officer; (3) due process violations against Jane Doe DMV clerks; (4) municipal liability claim against the City of Greenville based on the asserted unconstitutional actions of the John Doe Officer and DMV clerks; and (5) for retaliation related to 2025 traffic stop that occurred minutes after she lawfully turned in her vehicle tag at the DMV reflecting that she was being targeted by police officers. Plaintiff seeks money damages and injunctive relief, including an order requiring the DMV to fix her record and prevent further discriminatory or retaliatory actions.

Report

The magistrate judge concluded that several defendants are entitled for dismissal. With respect to Defendant John Doe, the unidentified police office who conducted the 1997 or 1998 traffic stop, the magistrate judge determined that the allegations are insufficient to state a claim for

---

of Plaintiff's *pro se* status, also considered the allegations and claims from Plaintiff's second amended complaint in the Report. (ECF No. 38 at 2).

relief against this officer and that, in any event, Plaintiff's claims against John Doe are time-barred as they are premised on conduct occurring in 1997 or 1998. (ECF No. 38 at 10). As to Defendants Whicker, Estes and Hinson—all allegedly employed by the DMV—the magistrate judge determined that the allegations are insufficient to establish a cognizable constitutional claim against them. *Id*. at 11. With respect to Defendant City of Greenville, the magistrate judge concluded that Plaintiff failed to identify a policy or custom of Greenville County which caused her federal rights to be violated and, therefore, failed to state a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). (ECF No. 38 at 12). Additionally, the magistrate judge concluded that Plaintiff's *Monell* claim is subject to dismissal because Plaintiff failed to allege facts showing a predicate constitutional violation by any individual defendant. *Id*. at 20–21. And, to the extent that Plaintiff is pursuing claims against the DMV[2], the magistrate judge noted the DMV is an agency of the State of South Carolina and, therefore, immune from suit under the Eleventh Amendment. *Id*. at 14.

      The magistrate judge further concluded that additional grounds support the summary dismissal of Plaintiff's claims. To the extent Plaintiff's claims are based on events occurring in the 1990s, the Report notes that such claims are barred by the analogous South Carolina statute of limitations requiring a personal injury plaintiff to bring her claims within three years. *Id*. at 15. To the extent Plaintiff is attempting to recover damages as a result of her ostensible arrests and detention or imprisonment, the magistrate judge determined such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent that Plaintiff's allegations can be construed as challenging state court judgments, the Report concludes such claims are barred by the *Rooker-*

---

[2] The South Carolina DMV was named as a defendant in the second amended complaint but not in the third amended complaint.

*Feldman* doctrine, which precludes a federal court from reviewing final determinations by state or local courts. *Id*. at 17–18.  Finally, to the extent Plaintiff is trying to challenge 2025 traffic citations which are still pending in local summary court in Greenville, the magistrate judge noted that "[g]ranting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff." *Id*. at 18.  The Report concludes that the *Younger* abstention doctrine applies here, *see Younger v. Harris*, 401 U.S. 37 (1971), and requires the court to abstain from ruling on such claims. *Id*. at 19–20.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").  Furthermore, in the absence of specific objections to the Report, the court is not required to give

any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Discussion

Plaintiff filed timely objections to the Report. (ECF No. 41). She enumerates seven specific objections. First, Plaintiff objects to the Report to the extent that it notes that the use of unnamed "John Doe" defendants is a disfavored practice, arguing that she will be able to obtain the identity of the John Doe defendant through discovery. (ECF No. 41 at 1). The court overrules this objection. Although the Report noted that the practice is disfavored, the magistrate judge

recognized that federal courts permit "litigants to use John Doe designations as a placeholder name until the party can be identified." (ECF No. 38 at 10). More importantly, the Report's conclusion that the claims against the John Doe defendant should be dismissed does not rest on Plaintiff's use of the John Doe identifier; rather, the magistrate judge determined that the allegations are insufficient to state a claim for relief against the unidentified officer and that any claims against John Doe would be time-barred. (ECF No. 38 at 10). This objection fails to address the dispositive portion of the Report's analysis. The court, therefore, rejects it.

Second, Plaintiff objects to the Report's finding that Plaintiff failed to allege facts sufficient to establish a cognizable constitutional claim against Defendants Whicker, Estes, and Hinson. (ECF No. 38 at 10–11). More specifically, Plaintiff appears to take exception to the magistrate judge's statement that Plaintiff's "*bare* allegations" failed to state a viable constitutional claim. Plaintiff argues that this description is inaccurate as the third amended complaint contains "detailed, fact-specific allegations describing the conduct of [Defendant] Hinson . . . and other defendants." (ECF No. 41 at 1). Because this conclusory assertion is inadequate to highlight any error in the Report's discussion of the claims against these defendants, the court overrules it.

Third, Plaintiff objects to the magistrate judge's conclusion that Plaintiff's claims arising from a traffic stop in 1998 resulting in the issuance of traffic tickets and her arrest are barred by the analogous South Carolina three-year statute of limitations for personal injury actions. (ECF No. 41 at 1). Plaintiff does not challenge the magistrate judge's conclusion that the limitations period set forth in S.C. Code Ann. § 15-3-530(5) applies to this action; rather, Plaintiff contends that the "continuing violations doctrine" tolls the running of the statute of limitations period because "[t]he actions from the 1990s are included as historical evidence of a continuous pattern, not as separate claims." *Id*. The court rejects this argument for several reasons. First, the Plaintiff

6

specifically alleges in the operative pleading that the events giving rise to her claim occurred "during a traffic stop in Greenville, S.C. between approximately 1997 – 1998." (ECF No. 33 at 6). To the extent Plaintiff is attempted to link all of her claims together as one continuous pattern of unconstitutional wrongdoing against her, however, this argument fails. State rules on tolling apply when a state statute of limitations is borrowed in a federal question case. *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 888 (4th Cir. 2023); *see Taylor v. Dodd*, No. 4:23-cv-830-SAL, 2023 WL 6632928, at *2 (D.S.C. Oct. 12, 2023). In South Carolina, the "continuing tort doctrine" has been applied only in limited cases, and Plaintiff fails to show that the doctrine applies here. *See Stoneburner v. Thompson*, No. 3:12-cv-3551-JFA, 2014 WL 2095160, at *5 (D.S.C. May 20, 2014) ("[I]f there is any discernable rule on the continuing tort doctrine in South Carolina, it is that the continuing tort doctrine is not generally applicable."). And, finally, even if the statute of limitations did not bar the claims arising from the 1998 traffic stop, Plaintiff has failed to show error in the magistrate judge's conclusion that the allegations asserted in support of such claim are insufficient to state a claim for relief. This objection is overruled.

Fourth, Plaintiff states that she is not asking the court to overturn any state judgment but, instead, "to review independent federal civil rights violations." (ECF No. 41 at 1). As a result, Plaintiff contends that the Report erroneously applies the *Rooker-Feldman* doctrine. The magistrate judge, however, merely concluded that to the extent Plaintiff's claims could be construed as challenging state court judgments in the 1990s, *Rooker-Feldman* would preclude this court's review. (ECF No. 38 at 17). For example, Plaintiff asserts constitutional claims against the John Doe Defendant officer who conducted the traffic stop, leading to her subsequent arrest and detention. Such claims effectively seek review of the state proceedings related to the traffic citation. Moreover, Plaintiff does not object to the magistrate judge's closely related determination

7

that to the extent Plaintiff seeks to recover damages under § 1983 based on this traffic citation and subsequent state court proceedings, such a claim is barred by *Heck*. (ECF No. 38 at 15–17). Accordingly, this objection affords the court no basis for rejecting the Report. The court overrules it as well.

Fifth, Plaintiff objects to the magistrate judge's application of the *Younger* abstention doctrine. The Report, construing Plaintiff's pleadings liberally in light of Plaintiff's *pro se* status, noted Plaintiff's allegations in her second amended complaint that she was issued two traffic citations in 2025 and addressed those allegations, in an abundance of caution, as though Plaintiff were asserting claims based on the citations. (ECF No. 38 at 18). Because the two charges appeared to remain pending, the magistrate judge concluded that *Younger* abstention would bar the court from interfering. *Id.* at 18–19. In her objections, Plaintiff does not deny the citations remain pending; rather, she argues the citations "are evidence that the violations are ongoing" and that she is not asking this court to interfere and, therefore, contends that *Younger* does not apply. (ECF No. 41 at 1). The court rejects Plaintiff's continuing tort theory as previously noted. This objection is overruled.

Next, Plaintiff objects (ECF No. 41 at 1–2) to the Report to the extent it concludes her claims against the City of Greenville are subject to summary dismissal because she failed "to identify a policy or custom of Greenville County which caused her federal rights to be violated, and she therefore fails to state a claim for municipal liability" pursuant to *Monell*. (ECF No. 38 at 12–13). In her objections, Plaintiff contends that "[t]he City and DMV maintain customs and practices of falsifying or refusing to correct records, which constitute a de facto policy." (ECF No. 41 at 2). Even if such conclusory statements were sufficient to avoid summary dismissal, Plaintiff has failed to identify any error in the magistrate judge's conclusion that Plaintiff has not

8

"alleged facts showing that any official policy or custom *resulted in the deprivation of her constitutional rights*." (ECF No. 38 at 12 (emphasis added)). The court overrules this objection.

Finally, Plaintiff complains that the magistrate judge did not give her pleadings the liberal construction to which she is entitled. (ECF No. 41 at 2). On the contrary, the magistrate judge assessed Plaintiff's filings using a liberal and forgiving construction. Indeed, the Report not only considered the claims raised in the operative pleading – the third amended complaint – but assessed the claims raised in the second amended complaint but deleted from the third amended complaint. Moreover, Plaintiff was afforded numerous opportunities to cure the deficiencies in her pleadings. The court overrules this objection, finding it to be completely frivolous.[3]

## Conclusion

Having conducted a ***de novo* review** of the Report and the record, the court agrees with and **ADOPTS** the magistrate judge's analysis, findings and recommendations set forth in the Report (ECF No. 38), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice, without issuance and service of process, and without further leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
December 30, 2025

---

[3] The court has likewise carefully considered Plaintiff's additional filings, (ECF Nos. 43; 44; 45; and 46), but finds no basis for deviating from the findings or recommendations set forth in the Report.

9

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.